IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Petitioner,

v.   No. 22-cv-573-MIS-JFR

ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO, *et al.*,

    Respondents.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Matthew Wiggins's Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (the "Second Petition"). Wiggins is incarcerated and proceeding *pro se.* He challenges his 2009 state convictions for kidnapping, false imprisonment and criminal sexual penetration. (Doc. 1). In Case No. 16-cv-168-JCH-KK, Wiggins challenged the same 2009 conviction under § 2254 and the Petition (the "First Petition") was denied as untimely. Because the Court lacks jurisdiction to consider second or successive habeas petitions without prior authorization from the Tenth Circuit, the Petition will be dismissed without prejudice.

### BACKGROUND

The following background facts are taken from the Second Petition, the State Court docket, and the prior federal habeas filings. *See* Doc. 1; State of New Mexico Case No. D-1116-CR-2008-00095; No. 16-cv-168-JCH-KK. The state and federal dockets are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case

at hand"); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 2009, a jury found Wiggins guilty of first degree Kidnapping, false imprisonment and second degree Criminal Sexual Penetration. *See* Case No. D-1116-CR-2008-00095, Judgment/Sentence/Commitment (12/2/2009) The State Court sentenced Wiggins to 22 years imprisonment. *Id.* at 6. His convictions were affirmed by the New Mexico Court of Appeals. *See* Case No. D-1116-CR-2008-00095 Mandate/Affirmed (11/4/2011). The New Mexico Supreme Court denied certiorari. *See* State of New Mexico Case No. S-1-SC-33267. He then filed a Petition for a Writ of Habeas Corpus in the state court on June 6, 2012, and the petition was summarily dismissed on June 13, 2012. *See* No. 16-cv-168-JCH-KK (Doc. 1 at 3). He sought review of the dismissal in the New Mexico Supreme Court, which denied certiorari on November 5, 2012. *Id.* On November 26, 2014 and February 12, 2015, Wiggins filed papers in the New Mexico Court of Appeals purporting to take an appeal from the June 13, 2012 summary dismissal of his habeas corpus petition. *Id*. at 3-4. The Court of Appeals transferred the filings to the New Mexico Suprme Court under Rule 5-802 and 12-501 NMRA. Id. at 4. The New Mexico Supreme Court treated the filings as a petition for a writ of certiorari and denied the petition on August 10, 2015. *Id.*

On March 8, 2016, Wiggins a 28 U.S.C. § 2254 habeas petition in this Court, which he amended on March 21, 2016, and is herein designated as the "First Petition." *See* No. 16-cv-168-JCH-KK (Docs. 1, 4).  The Court (Hon. Judith C. Herrera) denied the First Petition as untimely and denied a certificate of appealability. *Id.* (Doc. 11 at 5).

2

In June 2020, Wiggins filed two petitions for a writ of habeas corpus in the state court, which were summarily denied in September 2021 on the ground that they did not raise new issues, rely on newly discovered evidence, or a new rule of law. *See* Case No. D-1116-CR-2008-00095, Summary Dismissal (9/10/2021). Wiggins sought a petition for a writ of certiorari, which the New Mexico Supreme Court denied on November 3, 2021. *See* State of New Mexico Case No. S-1-SC-38993.

Wiggins filed this Second Petition on August 1, 2022, along with an Application to Proceed *In Forma Pauperis*. (Docs. 1, 2). He subsequently filed two motions, one seeking to amend the caption/add additional respondents (Doc. 3) and another seeking to combine this action with another pending case so that he could pay a single filing fee. (Doc. 4). The Court will waive the filing fee in this matter, dismiss the Second Petition for lack of jurisdiction, and deny the pending Motions as moot.

## DISCUSSION

By statute, Federal District Courts have jurisdiction over a state inmate's first 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2254(a); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a successive § 2254 motion in the District Court. *See* 28 U.S.C. § 2244(b)(3) ("Before a … successive [habeas] application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive … § 2254 claim until [the

3

Tenth Circuit] has granted the required authorization.").

Where, as here, the petitioner files a second § 2254 petition without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interests of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating those options include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. A § 2254 petition is typically time-barred unless it is filed within one year after the criminal judgment becomes final. *See* 28 U.S.C. § 2244 (d). The one-year period can be extended where the state impedes the federal filing, the Supreme Court recognizes a new right, or the factual predicate of the claim could not have been discovered through due diligence. *Id.*

Considering the above factors, a transfer is not in the interest of justice. Wiggins filed the Second Petition thirteen years after entry of his criminal judgment. Even accounting for time spent on direct appeal and in state habeas proceedings, the claims are time-barred, as held by Judge Hererra in the prior habeas case. Wiggins may believe that, because the New Mexico Supreme Court denied certiorari review in connection with his latest state petition in November 2021, he can file another timely habeas petition. However, "[a] state court [habeas] filing submitted after the ... [one-year habeas] deadline does not toll the limitations period." *Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006). *See also Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006) (same).

The Second Petition is also not based on any new Supreme Court law or newly discovered evidence. His arguments are all based on defects that occurred at trial or on direct appeal. The Court is further persuaded that the lack of jurisdiction was clear at the time of filing, as this is Wiggins's second § 2254 proceeding.

For these reasons, the Court declines to transfer the Second Petition to the Tenth Circuit and will instead dismiss this matter for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that:

(1) The Application to Proceed *In Forma Pauperis* **(Doc. 2)** is **GRANTED** and the $5.00 filing fee is waived.

(2) Petitioner Matthew Wiggins's Second Habeas Petition Under 28 U.S.C. § 2254 filed August 1, 2022 **(Doc. 1)** is **DISMISSED** without prejudice for lack of jurisdiction; a certificate of appealability is denied; and the Court will enter a separate judgment closing the civil case.

(3) The pending Motions **(Doc. 3 and Doc. 4)** are **DENIED** as moot.

_____
UNITED STATES DISTRICT JUDGE