IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Petitioner,

v.                                                                 No. 22-cv-573-MIS-JFR

ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO, *et al.*,

    Respondents.

## **MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER**

THIS MATTER is before the Court on Petitioner Matthew Wiggins Petition for Hearing or Rehearing En Banc, filed February 15, 2023. (Doc. 7) (the "Motion"). The Motion was filed nine days after the Court dismissed Wiggins's second § 2254 habeas petition (the "Second Petition") (Doc. 1) for lack of jurisdiction and entered a Final Judgment. (Compare Docs. 5 & 6 with Doc. 7). Based on the time of its filing and the relief requested, the Court construes the Motion as a mixed pleading seeking to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and to raise successive § 2254 claims. Having reviewed the Motion, the docket, and the relevant law, the Court finds that relief is not warranted under Rule 59(e) and, to the extent the Motion is a successive habeas petition, it shall be dismissed for lack of jurisdiction.

## **Procedural Background**

Wiggins commenced this action by filing the Second Petition on August 1, 2022. (Doc. 1). In the Petition, Wiggins challenged the legality of his convictions for kidnapping, false imprisonment and criminal sexual penetration in State of New Mexico Case No. D-

1116-CR-2008-00095. (Doc. 1). Wiggins had previously challenged the same convictions in a § 2254 habeas petition filed in this Court in 2016. *See* No. 16-cv-168-JCH-KK (Docs. 1, 4) (the "First Petition"). The Court (Hon. Judith C. Herrera) denied the First Petition as untimely and denied a certificate of appealability. *Id.* (Doc. 11 at 5).

In the Memorandum Opinion and Order entered in this case on February 6, 2023, the Court set forth the law governing the second or successive § 2254 claims. (See Doc. 5). Summarized, the Court lacks jurisdiction over a second or successive § 2254 petition unless the defendant has obtained authorization from the Tenth Circuit to file one.  *See* 28 U.S.C. § 2254(a), (b)(3); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). Further, considering the factors relevant to the determination whether to transfer the Second Petition to the Tenth Circuit, the Court concluded that it was not in the interest of justice to do so. (See Doc. 5 at 4-5). The Court therefore dismissed the Second Petition without prejudice and entered a final judgment. (Docs. 5 (Memorandum Opinion and Order), 6 (Final Judgment)). Nine days later, Wiggins filed the present Motion. In the Motion he seeks reconsideration of the dismissal on procedural grounds and asserts and reasserts his request for habeas relief pertaining to his criminal convictions in state court.

## **Discussion**

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  A motion to reconsider filed within that timeframe is construed under Rule 59(e). *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds that justify altering or amending a judgment pursuant to Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest

injustice. *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (citing *Does*, 204 F.3d at 1012). Rule 59(e) does not permit a losing party to revisit issues previously addressed or to present new legal theories or facts that could have been raised earlier. *Does*, 204 F.3d at 1012. Rather, relief "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citation omitted); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

When a motion to reconsider follows a habeas ruling, courts also consider whether the request for relief is tantamount to a successive petition. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a" successive habeas petition). A motion is successive "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

"Conversely, it is a 'true' motion [to reconsider] if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, ... or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16. In the case of a mixed pleading, the allegations supporting reconsideration must be considered separately from the successive habeas claims. *Id.* at 1217.

Here, the Motion is mixed. On one hand, Wiggins challenges the Court's dismissal

on procedural grounds, arguing that the Court erroneously concluded that the First Petition pertained to his convictions in State of New Mexico Case No. D-1116-CR-2008-00095. (Doc. 7 at 1). The argument is controverted by the record, and it fails to establish grounds for setting aside the Final Judgment under Rule 59(e). *See* No. 16-cv-168-JCH-KK (Docs. 1, 4) (challenging the convictions in D-1116-CR-2008-00095).

On the other hand, Wiggins asserts and reasserts his claims for relief from his underlying conviction. (Doc. 7 at 1-2). To that end, Wiggins argues that he received ineffective assistance of counsel, and he enumerates, though he does not expand upon, several theories ostensibly supporting his request for habeas relief and equitable tolling. These are: "bad faith, dishonesty, divided loyalty, mental impairment, newly discovered evidence, prejudice, material evidence, and facts and circumstances that warrant . . . equitable tolling." (Doc. 7 at 1).

As held in the February 6, 2023, Memorandum Opinion and Order, unless a defendant obtains Tenth Circuit authorization to seek successive habeas relief, this Court is jurisdictionally barred from considering the merits of the petition. *See* 28 U.S.C. § 2244(b)(3) ("Before a … successive [habeas] application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); (Doc. 5 at 3-4). Under these circumstances, the Court may transfer the matter to the Tenth Circuit "if . . . it is in the interests of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating those options include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. A § 2254 petition is typically time-barred unless it is filed within one year after the criminal judgment becomes final. *See* 28 U.S.C. § 2244(d). The one-year period can be extended where the state impedes the federal filing, the Supreme Court recognizes a new right, or the factual predicate of the claim could not have been discovered through due diligence. *Id.*

Considering the above factors, a transfer is not in the interest of justice. As previously held, Wiggins filed the Second Petition thirteen years after entry of his criminal judgment and the claims are time-barred. (See Doc. 5 at 4). Nine days after the Second Petition was dismissed for lack of jurisdiction, Wiggins filed the Motion. The Motion does not cite new Supreme Court law or identify a state-imposed impediment to a timely petition. Though Wiggins makes a conclusory reference to "newly discovered evidence," he does not show what the evidence may be, when it was discovered, or address whether it could have been discovered earlier by the exercise of due diligence. *See Malone v. Oklahoma*, 100 F. App'x 795, 797-98 (10th Cir. 2004) (affirming dismissal of an untimely habeas petition where the petitioner "use[d] the relevant legal buzz words" but "fail[ed] to supply the factual background necessary to support his conclusory allegations."); *Draper v. Martin*, 843 F. App'x 126, 131 (10th Cir. 2021) (denying a petitioner's application for a certificate of appealability where he "simply repeat[ed] the conclusory allegations of error that were contained in his amended habeas petition"). Finally, as the Motion was filed almost immediately after the Second Petition was dismissed for lack of jurisdiction, it is beyond reasonable debate that the jurisdictional bar was clear at the time of filing.

For these reasons, to the extent the Motion constitutes a successive habeas petition, the Court declines to transfer it to the Tenth Circuit. Instead, the Court will

dismiss the successive petition for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS THEREFORE ORDERED** that:

(1) The Motion **(Doc. 7)** is **DENIED** to the extent it seeks to alter or amend the Final Judgment under Fed. R. Civ. P. 59(e);

(2) The Motion is **DISMISSED** without prejudice to the extent constitutes a successive § 2254 habeas petition; and

(3) A certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE